DANIEL LEIMEL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Leimel v. Commissioner
Docket No. 20598-80
United States Tax Court
T.C. Memo 1982-682; 1982 Tax Ct. Memo LEXIS 68; 45 T.C.M. (CCH) 198; T.C.M. (RIA) 82682; November 23, 1982. Daniel Leimel, pro se. Bernard Oster, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: This case was assigned for trial to Special Trial Judge Darrell D. Hallett, pursuant to the provisions of General Order No. 6, 69 T.C. XV (1978). The Court agrees with and adopts his report, which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE HALLETT, Special Trial Judge: Respondent determined a deficiency in petitioner's 1978 Federal income tax in the amount of $2,287. The issues for decision are (1) Whether petitioner has substantiated entertainment and travel expense deductions; (2) whether petitioner has substantiated rental expenses; (3) whether petitioner has substantiated his entitlement to a new jobs credit; and (4) whether petitioner *69 has substantiated medical expenses deducted. Petitioner was a resident of Riverside, California at the time the petition was filed. Respondent disallowed the deductions claimed on petitioner's 1978 return for entertainment and travel expenses, rental expenses, medical expenses, and a new jobs credit due to petitioner's failure to present any evidence substantiating these items. The petition contesting respondent's determination was filed on November 10, 1980. On December 9, 1981, respondent sent an informal letter to petitioner requesting that petitioner have a conference with respondent's counsel relative to the issues involved, and requesting that petitioner bring to the conference designated records substantiating the deductions and credit in issue. Petitioner appeared at the conference, but then produced only a few receipts as substantiation of the amounts in question, even though in the petition petitioner contends that he has documentation to support the deductions claimed. The few miscellaneous documents produced to respondent at the conference were totally inadequate to support the deductions disallowed by respondent. Petitioner indicated to respondent's counsel that *70 he had the remainder of the documentation necessary to substantiate the items in issue and stated they would be provided. No further documents were submitted to respondent by petitioner and on March 11, 1982, respondent served petitioner with a Request for Production of Documents, formally requesting that petitioner produce the documents in his possession or control substantiating the items in issue. Petitioner failed to respond to the Request for Production of Documents and on July 9, 1982, respondent filed a Motion for Order Compelling Petitioner to Respond to Respondent's Request for Production of Documents or for Order Imposing Sanctions under Rule 104, Tax Court Rules of Practice and Procedure.[1]
By order dated August 31, 1982, the Court provided in part: * * * petitioner is hereby advised that any documentary evidence he seeks to introduce at trial which is included within respondent's request for production and which has not already been shown to respondent or is not shown to respondent by September 22, 1982, will not be admitted into evidence. * * * *71 By notice served April 9, 1982, petitioner's case was set for trial at a session commencing in Los Angeles on July 7, 1982. In June 1982, respondent served upon petitioner a subpoena returnable at the July 7 session requesting production of the documents later covered by respondent's Request for Production of Documents. By notice dated June 18, 1982, petitioner's trial then scheduled for July 7, 1982, was rescheduled for trial on September 27, 1982. Petitioner sought to introduce at trial documents allegedly substantiating the travel expenses, rental expenses, jobs credit, and medical expenses in issue. Petitioner did not supply these documents to respondent on or before September 22, 1982, as required by the Court's order, and petitioner did not make a diligent effort to locate these documents before September 22. Further, petitioner made no effort to locate the documents and show them to respondent after September 22, 1982, and before the day of the trial of this case on September 27, 1982. In short, in addition to petitioner's failure for a period of many months to respond to respondent's informal requests for the substantiating documents and respondent's formal Request *72 for Production of Documents, petitioner willfully disregarded the Court's explicit direction that documents be produced to respondent to later than a week before trial. Petitioner's flagrant disregard of the Court's order might well justify an entry of decision against him under Rule 123(b). At the very least, it warrants exclusion of the documents from evidence. [2]
Regarding the entertainment and travel expenses, as in the case of most deductions, petitioner had the burden of proof. Rule 142; Welch v. Helvering,290 U.S. 111 (1933). In addition, petitioner must meet the requirements of section 274 [3] and the applicable treasury regulations. Petitioner neither submitted adequate documentary evidence, nor did he even provide testimony substantiating these items. The few documents he submitted were simply miscellaneous hotel receipts, which, without *73 more, do not establish that the amounts were expended by petitioner and that they qualify as ordinary and necessary business expenses. Likewise, the statements submitted by petitioner to substantiate medical expenses, without more, do not establish that petitioner paid deductible medical expenses during the tax year 1978. Indeed, some of the documents on their face show payment in the year 1977. Petitioner submitted no evidence on the rental expense and new jobs credit. These issues likewise must be decided for respondent for failure of petitioner to satisfy his burden of proof. Decision will be entered for the respondent.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and procedure, unless otherwise indicated.↩
2. At trial, the Court sustained respondent's objection to the admission of documents offered in evidence by petitioner, copies of which were not provided to respondent prior to September 22, 1982. The Court admitted into evidence the documents which had been disclosed to respondent's counsel prior to that time.↩
3. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩